THE CAMDEN AND ATLANTIC R. R. Co., appellants,

*v.*

WILLIAM L. ELKINS, respondent.

1. Appeal from an interlocutory order for an injunction forbidding directors of a corporation from hindering a new election of directors, dismissed, the appeal having been taken after the day for election had passed, and the ap-

pellants having adequate relief by summary proceedings in the supreme court to set aside the election if illegal.

2. Directors of a corporation who are in office cannot dispute the right of a stockholder to have a new election of directors held in accordance with the by-laws, on the ground that the stockholder bought his stock with the money of rival companies, and intends to use his legal rights as the holder of a majority of the capital stock for purposes detrimental to the interests of the corporation, and that the proposed election of directors is a step towards the illegal control of the property and the business of the corporation.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Elkins* v. *Camden and Atlantic R. R. Co., 9 Stew. Eq. 467.*

*Mr. Barker Gummere,* for appellants.

*Mr. S. H. Grey,* for respondent.

The opinion of the court was delivered by

Depue, J.

The complainant's bill is purely an injunction bill.

The charter of the corporation provides for annual meetings of the stockholders for the election of directors. For some years it had been usual to hold elections for directors on the fourth Thursday in October. By a by-law, which was adopted by the directors July 21st, 1881, and was conformed to by the stockholders, the time for holding elections was changed to the fourth Thursday in February. The defendants were elected directors at an election held on the fourth Thursday in February, 1882, and for the term of one year. On the 19th of October, 1882, these directors, by a resolution, undertook to amend the by-law so as to change the time of the annual election, and to make it come on the fourth Thursday in October.

The day for the next election of directors, as designated by the by-law in force when the resolution of October 19th was adopted, would have been the 22d of February, 1883. The effect of this resolution, if valid, would be to postpone the next ensuing election of directors until the fourth Thursday in October,

1883, and thus extend the term of office of these directors beyond , the year for which they were elected. The bill was filed November 16th, 1882. It prayed an injunction to restrain the directors from making any change in the by-laws, and forbidding the postponement of the election for directors. On the bill, answer and affidavits, and a hearing upon a rule to show cause, an order was signed by the chancellor, February 9th, 1883, that an in-junction should issue restraining the directors from doing anything that would defeat or prevent a meeting of the stockholders being held for the election of directors on the 22d of February next ensuing. The petition of appeal was filed March 23d, 1883.

The injunction order appealed from simply restrained interference with an election proposed to be held on the 22d of February. That day had passed when the appeal was taken, and the injunction had then accomplished its whole purpose. A reversal of the order at this time would be a nugatory act, and no useful end would be accomplished by retaining the appeal ; for, if the resolution of the directors changing the time of the election was valid, the appellants have adequate relief by summary proceedings in the supreme court to set aside any new election of directors that may have been held under the protection of this injunction. *Rev. p. 184 § 44; In re St. Lawrence Steamboot Co., 15 Vr. 529.* Under such circumstances the appeal should be dismissed. *Trustees of Huntington* v. *Nicoll, 3 Johns. 566; Terhune* v. *Midland R. R. Co., 9 Stew. Eq. 318.*

The appellants urge the retention of the appeal on the ground that the complainant is not a *bona fide* holder of stock of the corporation. They insist that he became the purchaser of the stock he holds with the money of rival companies, and that he holds it in the interest of those companies, and contemplates the use of it for the purpose of controlling the business of the corporation for the advantage of those other companies. They insist that therefore he has no standing in a court of equity to seek its aid in accomplishing his purposes.

The complainant appears, on the company's books, to be the owner of thirteen hundred and fifty shares of its capital stock,

being more than a majority of its entire capital stock, and the stock he holds was regularly issued by the company and was regularly transferred to the complainant on the company's books. The statute makes the stock of a corporation personal property, and transferable on the books of the corporation. It vests in the stockholders the right to elect directors, who shall manage the business of the corporation for them. It secures to each stockholder the right to one vote, at every election of directors, for each share of the capital stock of the company held by him, and makes the books of the corporation plenary and conclusive evidence of the ownership of stock and of the right to vote in virtue of such ownership. The right to hold elections for the directors of a corporation, and to vote at such elections, is a right that is inherent in the ownership of stock; and a stockholder who appears by the books to be such cannot be deprived of these rights upon the allegation that he proposes to use his legal rights for purposes which others may think to be detrimental to the interests of the corporation. *Pender* v. *Lushington, L. R. (6 Ch. Div.) 70.* If the complainant, in virtue of his ownership of a majority of the stock, elected a board of directors of his own selection, and they should endeavor to misuse the franchises of the corporation, or improperly manage its affairs in the interest of other companies, to the prejudice of its stockholders as a class, the remedy is by proceedings by the attorney-general as the representative of the public, or by other stockholders whose rights may be injured by the unlawful acts of the directors. The directors who are in office, and who are the mere ministerial agents of the corporation, cannot dispute the right of stockholders to obtain a new election of directors, and prolong their own authority, on the ground that the proposed election is a step toward the illegal and improper control of the property or the business of the corporation. When that event occurs, or is impending, the proper means to redress or avert the wrong is in other parties and by other proceedings.

The appeal should be dismissed.

*Appeal unanimously dismissed.*