THE MAYOR AND COMMON COUNCIL OF GLOUCESTER CITY, appellant,

v.

ABIGAIL GREENE, executrix of the will of Albert J. Greene, deceased, respondent.

1. The right of appeal from the orphans court to the prerogative court is conditional, the condition being, that an appeal shall be demanded in writing within the time prescribed by the statute.

2. The law will not do a vain and idle act.

3. Where a party appeals from an order or decree which is inoperative, and a reversal of which would be a purely nugatory act, the appeal will be dismissed.

On appeal from an order of Camden county orphans court.

*Mr. Thomas E. French*, for the appellant.

*Mr. C. A. Bergen*, for the respondent.

Gloucester City v. Greene.

THE VICE-ORDINARY.

The orphans court of Camden county, on the 24th day of February, 1888, made a decree declaring that the estate of Albert J. Greene, deceased, was insolvent, and directing his executrix to proceed to make sale of his lands. No appeal was taken from that decree, but on the 4th day of May following, the appellant, as a creditor of the testator, presented a petition to the orphans court, alleging that the decree had been prematurely and improvidently made, and praying that it be vacated. On the presentation of the petition, an order was made requiring the respondent to show cause why the decree should not be set aside, also staying all proceedings under the decree, and giving the parties leave to take testimony, to be used on the argument of the order to show cause. On the 30th day of June, 1888, the

NOTE.—The maxims "*Lex nil frustra facit*," and "*Lex neminem cogit ad vana seu inutilia*," have been applied in the following miscellaneous cases:

That these maxims are as applicable in equity as at law, *Holbrook* v. *Winson*, *23 Mich. 397*.

In the construction of statutes, *Simmins* v. *Parker*, *4 Mart. (N. S.) La. 208; Kling* v. *Fish, Id. 396 ; Broussard* v. *Mallet, 8 Mart. (N. S.) 271 ; Election Cases, 2 Brewst. 92, 65 Pa. St. 31; Kottwitz* v. *Alexander, 34 Tex. 712; State* v. *St. Louis R. R. Co., 3 Mo. App. 192.*

That the moderator of a religious assembly, who had previously failed in performing his official duties thereat, need not be asked to put the question on his own deposition, *Commonwealth* v. *Green, 4 Whart. 577.*

That, where a railroad company obstructed plaintiff's side track, which connected with their main line, plaintiff may recover damages therefor without first having provided cars of his own to run thereon, as authorized by statute, *Bell* v. *Midland Railway Co., 10 C. B. (N. S.) 306, 30 L. J. (C. P.) 280.*

Also in matters relating to lands:

That a purchaser need not tender a deed, when if executed he may refuse to accept it, *Johnson* v. *Collins, 17 Ala. 327;* see *Williamson* v. *Moore, 2 Disney (Ohio) 31.*

That an enclosure of public lands by a licensee of the State is unnecessary, *Conger* v. *Weaver, 6 Cal. 559.*

That counting out the money tendered to a vendor of lands after he has refused to make a deed therefor, " would have been an idle form, unnecessary and contemptible in the eye of a court of equity," *Blunt* v. *Tomlin, 27 Ill. 101.*

That the specific performance of a contract to build a draw-bridge over a canal should be refused, because it appeared that no shipping would ever pass the site of such bridge, *Chicago and Alton R. R. Co.* v. *Schoeneman, 90 Ill. 267.*

court, after hearing the questions raised by the order to show cause discussed, made an order denying the prayer of the petition and discharging the order to show cause. From that order an appeal has been taken, and that is the order now before the court for review.

As is apparent, the object of the appellant in taking this appeal was to put in contest the validity of the decree made February 24th, 1888. A decree simply reversing the order appealed from, and leaving the decree of February 24th, 1888, in full force, would accomplish nothing. It would be a vain and nugatory act. As already remarked, no appeal was taken from the decree of February 24th, 1888. No appeal from it has ever been demanded. That being so, even if that decree was still in full force, I think the power of this court to look into it, in the in-

That the foreclosure of a mortgage would realize nothing, *Chicago &c., Land Co.* v. *Peck, 112 Ill. 439.*

That a surveyor-general did not appoint a deputy surveyor for a new county carved out of an old one, *Badger* v. *Chiles, 4 Bibb 124.*

That a positive declaration by the holder of lands that he will not receive the money which he has agreed to take for their redemption, excuses an actual tender thereof, *Dorsey* v. *Barbee, 6 Litt. 204.*

That a plaintiff need not pay the amount of her bid for lands from which she had been evicted, and which amount she could at once recover by suit, *McRae* v. *Chapman, 10 Rob. (La.) 67.*

That lands for a highway may be acquired by a township by deed from the owner, without pursuing the statutory proceedings prescribed for laying out highways, *Brown* v. *Bowdoinham, 71 Me. 148.*

That where lands not occupied are surveyed and taken up, an audible declaration to that effect by the surveyor, on the premises, as required by statute, is unnecessary, *Tolman* v. *Emerson, 4 Pick. 163.*

That a devisee of vacant lands need not enter thereon in order to perfect his title, *Ward* v. *Fuller, 15 Pick. 190.*

That one entitled to redeem endeavored to make a tender, but was prevented by the willful absence of the occupant, *Southworth* v. *Smith, 7 Cush. 393.*

That a State auditor need not prove an actual seizure of timber wrongfully cut from the State's lands, if there is no dispute about the title to the timber, and the purchaser has possession of it, *State* v. *Galusha, 26 Minn. 240.*

That the law never casts the freehold on an alien heir who cannot keep it, *Jackson* v. *Adams, 7 Wend. 368.*

That, where the landlord, in a lease containing an option of purchase of the demised premises by the tenant, is dead, and his heir at law an infant, and his

Gloucester City v. Greene.

direct way proposed, for the purpose of deciding whether it was valid or not, would be subject to the very gravest doubt. The constitution gives any person aggrieved by any order, sentence or decree of the orphans court a right of appeal to the prerogative court, but this right, to be effectual in' securing a review, must be exercised within such limit, as to time, as the legislature · has prescribed. The time prescribed by the legislature for demanding an appeal from a decree like the one under consideration is three months. The statute, in substance, declares, that any person aggrieved by an order or decree of the orphans court may appeal from the same to the prerogative court, provided that the appeal, if from any other order or decree than an order or decree respecting the probate of a will, or the right of administration, or the fairness of an inventory, shall be demanded

agent cannot be found, the tenant need not tender the consideration before suit brought, *Ohio and Mississippi R. R. Co.* v. *Crary, 1 Disney (Ohio) 132.*

That a man's title cannot be affected by his omitting to make an inquiry that would necessarily have produced no advantage whatever, *Bellas* v. *Mc-Carty, 10 Watts 28; Bell* v. *Ohio R. R. Co., 1 Grant's Cas. 111.*

That where one claims the right to redeem lands from taxes, he need not go through the form of making a tender that would inevitably be rejected, *Orr* v. *Cunningham, 4 W. & S. 299.*

Also in matters relating to personal property :

That where the law presumes an offer to restore chattels to their former condition would have been rejected by defendant, complainant need not plead or prove it, *Caldwell* v. *Dulin, 22 Ga. 15.*

That a trust deed securing certain bills of exchange and notes, did not set them out in detail, *Bank of United States* v. *Huth, 4 B. Mon. 433.*

That a defendant did not show that the plaintiff, who, on account of inherent defects, sought to set aside a sale of a slave with a warranty, knew of such defects at the time of sale, *Bayou* v. *Vavasseur, 10 Mart. (La.) 68.*

That a vendee of chattels need not tender the price if the vendors have positively refused to comply with their contract, *Garcia* v. *Champomier, 8 La. 523; Saylor* v. *United States, 14 Ct. of Cl. 462; Parker* v. *Pettit, 14 Vr. 516.*

That the endorser of a promissory note is liable without a demand on the maker's administrator while the latter is prohibited by statute from paying any claim against his intestate, *Landry* v. *Stansbury, 10 La. 487.*

That a notary, after demand of payment of a note at the bank and refusal for want' of funds, need not take out the note and present it visibly, *Union Bank* v. *Lea, 7 Rob. (La.) 78.*

That where a vendor's inability to remove a mortgage on a slave depends on the will of a third person, the vendee need not pursue the statutory pre-

Gloucester City v. Greene.

within three months from the making of such order or decree.
*Rev. p. 791 § 176.* The right of appeal is conditional upon its
being demanded within the time limited by the statute. *Hillyer*
v. *Schenck, 2 McCart. 398, 401.* The rule is firmly settled,
that a person believing himself to be aggrieved by a decree of
the orphans court, must, in order to place himself in a position
where he will have a right to have such decree reviewed on
appeal, make a written demand of appeal to the court pronounc-
ing the decree within the period fixed by the statute, and that if
he fails to do so, his right of appeal will be lost forever. *Hill-
yer* v. *Schenck, supra; Claypool* v. *Norcross, 9 Stew. Eq. 524;
S. C. on appeal, 10 Stew. Eq. 261.* This being the law, I think
it would require the exercise of a very dangerous degree of inge-
nuity to find a way by which this court could, notwithstanding

liminary formality of putting the vendor in default, *Moreau* v. *Chauvin, 8
Rob. (La.) 161.*

That the bailee of a chattel, to whom the bailor gives it during such bail-
ment, need not return it to the bailor for manual delivery back to himself, in
order to pass the title, *Wing* v. *Merchant, 57 Me. 386.*

That an abandonment of a vessel insured, after its total destruction, would
be a mere idle ceremony, *Gordon* v. *Massachusetts Insurance Co., 2 Pick. 259.*

That, where a carrier of goods refuses to receive a smaller sum than he
claims is due, and the consignee offers to pay the amount stipulated in the
contract, he need not make a formal tender thereof, *Isham* v. *Greenham, 1
Handy (Ohio) 361, 3 Am. Law Reg. 501.*

That, where the makers of a promissory note declined to pay it, and so
informed the endorser, and of their inability to pay, a protest of the note, so
far as the rights between the maker and endorser are concerned, is worse than
useless, *National State Bank* v. *Davis, 24 Ohio St. 196.*

That it were futile to make a joint deposit in a bank if one depositor could
withdraw it, *De Haven* v. *Williams, 9 Phila. 173, 80 Pa. St. 483.*

That a demand of payment of a promissory note at the maker's house is
useless, if he and all his family have been previously drowned, *Haslett* v.
*Kuhnhardt, Rice 191.*

That the drawers of a draft were not notified of its non-payment, when they
already knew that they had never had any funds in the drawee's hands, *Kott-
witz* v. *Alexander, 34 Tex. 712.*

That the holder of a promissory note refusing a tender of the amount in
Confederate bills, excuses the maker from counting out the amount, *Lohman*
v. *Crouch, 19 Gratt. 345.*

Also in matters of jurisdiction and practice in the courts:

That "a plaintiff shall not molest and trouble the king's courts with

Gloucester City *v.* Greene.

the fact that no appeal has been demanded within the time limited by statute, take jurisdiction of the question whether the decree of February 24th, 1888, was valid or not, and pronounce a judgment either affirming or reversing it.

But it is not necessary to decide that question in this case. For another reason it is entirely plain that this appeal must be dismissed. On the same day that the order was made, which is brought up by this appeal (June 30th, 1888), the orphans court of Camden county revoked the letters testamentary theretofore issued to the respondent, because she refused to give the bond which the statute requires an executor or administrator to give on being directed to make sale of land, and the court also, on the same day, made an order directing that letters of administration, with the will of the testator annexed, be issued to Frank A.

---

frivolous, malicious, and such like suits, which do not grow upon any just ground," *Hussey* v. *Moor, 2 Bulst. 279.*

That the court will not, by its judgment, declare a mere undisputed fact, as that a certain place is in a certain shire, *Gifford* v. *Trail, 7 Shaw 854, 860; Lyle* v. *Balfour, 9 Id. 22, 23.*

That, where the particular right of way claimed by the plaintiff is determined against him, the court will not decide other rights of the plaintiff in the *locus in quo*, which are not controverted, *Magistrates of Edinburgh* v. *Warrender, 1 Macp. 887, 895.*

That a criminal trial ought not to be allowed to proceed where a defect in constituting the grand jury, which found the indictment, is apparent on the record, *Weston* v. *State, 63 Ala. 157.*

That a statute providing for a trial of facts by a judge instead of a jury, does not apply to an issue out of chancery, *Walker* v. *Sedgwick, 5 Cal. 192.*

That a *mandamus* will not issue to compel an inferior court to settle a statement of facts on a motion for a new trial, if the notice of such motion was made too late, *Clark* v. *Crane, 57 Cal. 635.*

That an attorney who was in court when a decision overruling a demurrer was rendered, and then asked for and obtained time to answer over, cannot complain because he has had no written notice of the decision on the demurrer, *Barron* v. *Deleval, 58 Cal. 98.*

That commissioners of an intestate estate, appointed by a court not of the decedent's domicile, need not proceed to hear claims against it, *Olmstead's Appeal, 43 Conn. 118.*

That justices of inferior courts cannot be sued, nor can execution be issued against them, except by statute, *Justices* v. *Haygood, 15 Ga. 316.*

That a motion to set aside an order vacating a judgment cannot be entertained after the judgment has been barred by time, *Prescott* v. *Bennett, 50 Ga. 276.*

Gloucester City *v.* Greene.

Fowler, and also made a decree directing Fowler to proceed to make sale of the testator's lands for the payment of his debts. Fowler at once gave the bond required by statute. The decree directing Fowler to make sale of the testator's lands rendered the previous decree of February 24th, 1888, wholly inoperative. It became at once *functus officio,* and has since been without life or force. If the testator's lands have been sold, the sale must have been made by Fowler by force of the last decree. If they are hereafter to be sold, Fowler alone can sell them. The decree directing Fowler to make sale was sent up as part of the record in this case, but is not before the court for review. No appeal has been demanded from it—Fowler has never been called upon to defend its validity, and it is entitled, therefore, to be regarded in this proceeding as in all respects valid and legal.

That a judgment may be affirmed on appeal if the clerk of the lower court has brought up the record, although a statute requires the appellant to do so, *Barbarin* v. *Armstrong, 2 La. (O. S.) 209.*

That a statute allowing judgment to be given for a defendant who pleads a set-off, does not apply to a reconvention, for in the latter case he could have no judgment, *Pierce* v. *Miller, 3 Mart. (N. S.) 360.*

That a defective affidavit to a good petition does not necessitate a new petition, *Ursuline Nuns* v. *Depassau, 7 Mart. (N. S.) 647.*

That a defendant in a *capias* cannot be detained for delivery to his bail after a statute abolishing imprisonment for debt has been enacted *pendente lite, Cooper* v. *Hodge, 17 La. 478; Bunting* v. *Wright, Phil. (N. C.) 295;* see *McKay* v. *Ray, 63 N. C. 46; Holmes* v. *Sackett, 63 N. C. 62.*

That a plaintiff must establish her claim as heir, after the jurisdiction of the probate court, wherein the plaintiff's petition is pending, has been terminated, *Layre* v. *Pasco, 5 Rob. (La.) 13.*

That a defendant who has been lawfully evicted from lands by a third party, is not entitled to a bond of indemnity against encumbrances on the premises given by the plaintiff before the conveyance to defendant, *Jones* v. *Read, 1 La. Ann. 203.*

That an unsustainable appeal will not be allowed, *State* v. *Judge &c., 13 La. Ann. 200.*

That a temporary administrator cannot perform the functions of a permanent one, *Succession of Supple, 23 La. Ann. 25.*

That the acts requisite to a seizing of personal property in attachment are inapplicable to lands, *Taylor* v. *Mixter, 11 Pick. 348.*

That where A guarantees the credit of B, knowing B to be a minor, and B absconds without paying plaintiffs' claim, they may proceed against A with-

Gloucester City v. Greene.

In this condition of affairs, it is obvious, that a reversal of both the decree of February 24th, 1888, and of the order refusing to vacate that decree, would be an entirely nugatory act. An act of that kind no judicial tribunal can be required to do. Chancellor Kent, while chief-justice of the supreme court of New York, and when sitting as chief-justice in the court of errors of that State, said : " To reverse an order, which has long since expired, is absurd. It would be doing an idle act, which does not comport with the gravity of a court of justice. It is one of the maxims of the common law, and which is a dictate of common sense, that the law will not attempt to do an act which would be vain, or to enforce an act which would be frivolous. *Lex nil frustra facit.*" *Trustees of Huntington* v. *Nicoll, 3 Johns. 566, 598.* This principle was recognized by Chief-

out first resorting to or exhausting their remedy against B, *Kidney* v. *Stoddard, 7 Metc. 256.*

That a void stipulation in an award, that it may become a rule of court, does not prevent a direct proceeding on the award itself, *Foster* v. *Durant, 2 Cush. 549.*

That a poor debtor's oath cannot be insisted upon if of no practical benefit, *Mowry's Case, 112 Mass. 400.*

That an action against a corporation to enforce a statutory liability need not be brought before one against a stockholder, if the corporation be bankrupt and dissolved, *State Savings Association* v. *Kellogg, 52 Mo. 591; Dryden* v. *Kellogg, 2 Mo. App. 96.*

That a suitor in equity need not first exhaust his remedy at law against the defendant, if the latter proceeding be an empty form, *Luthy* v. *Woods, 1 Mo. App. 169; Loomis* v. *Tift, 16 Barb. 544; Fowler's Appeal, 87 Pa. St. 454.*

That an affidavit, required by statute to be served with the writ, need not be copied in the writ, *Curtis* v. *McCullough, 3 Nev. 214.*

That a *mandamus,* if granted, would be nugatory, *Rex* v. *Bishop of London, 13 East 420; Bell* v. *Pike, 53 N. H. 474.*

That there is nothing upon which a judgment of reversal could operate, authorizes an appeal to be dismissed, *Coryell* v. *Holcombe, 1 Stock. 653;* see *Peer* v. *Cookerow, 1 McCart. 365; Terhune* v. *Midland R. R. Co., 9 Stew. Eq. 318.*

That a *quo warranto,* if issued, would be idle and useless, *People* v. *Sweeting, 2 Johns. 185; People* v. *Supervisors, 12 Barb. 222.*

That when the drawees of a bill of exchange, payable in London, lived in Liverpool, the declaration thereon need not aver that inquiry for them was made in London, *Boot* v. *Franklin, 3 Johns. 210.*

That where an application depends upon the written consent of certain adjacent property-owners as a condition precedent, such consent must be shown

Gloucester City v. Greene.

Justice Beasley in the opinion which he ·delivered in *Black* v. *Delaware & Raritan Canal Co., 9 C. E. Gr. 455, 489.* He said, in substance, that it would be unbecoming in a judicial tribunal to do an act which must prove to be empty and profitless. And the court of errors and appeals applied and enforced this prin-ciple, in *Camden and Atlantic R. R. Co.* v. *Elkins, 10 Stew. Eq. 273*, just as I think it must be applied and enforced in this case. Courts exercising appellate jurisdiction sit to administer justice in matters of substantial interest, not to gratify the passions of the litigants, nor to foster a spirit of vexatious litigation.

The appeal must be dismissed, with costs.

before the application can be entertained, *Matter of Thirty-Fourth Street R. R. Co., 102 N. Y. 347.*

That, where a suit to determine the question of priority between a mortgage and a judgment lien on lands is pending, the judgment creditor need not issue execution on his judgment, *pendente lite,* to prevent his judgment from becom-ing dormant, *Dempsey* v. *Bush, 18 Ohio St. 382.*

That, where the parties agree upon the facts, and their statement goes into the record sent up, and the lower court certifies that no further testimony was offered on either side, the case will not be dismissed for want of a formal bill of exceptions embodying all the testimony, *McGonnigle* v. *Arthur, 27 Ohio St. 257.*

That an exemplification of a deed for lands lying in several counties may be offered in evidence if recorded in some, although not in all, of them, *Vick-roy* v. *McKnight, 4 Binn. 212.*

That, since a levy under an execution enures to the benefit of a subsequent execution, another levy under the latter writ is unnecessary, *Watmough* v. *Francis, 7 Pa. St. 214.*

That, where a rule of court requires that a deposition cannot be read with-out first serving a subpœna on the witness, if within a prescribed distance, such subpœna need not be served if the witness be paralytic and unable to leave his bed, *Covenhoven* v. *Hart, 21 Pa. St. 502;* see *Horner* v. *Corning, 1 Stew. Eq. 254.*

That the condition of an insolvent's bond is released by his subsequent dis-charge in bankruptcy, and hence it will not be declared forfeited, *Barber* v. *Rogers, 71 Pa. St. 364.*

Their application has been refused in these cases: *United States* v. *Mur-dock, 18 La. Ann. 309; Hill* v. *Goodwin, 56 N. H. 451; State* v. *Stout, 6 Hal. 133; Drake* v. *Thayer 5 Robt. (N. Y.) 700.*—REP.