ELBERT M. CROWN, trading as Charles P. Walker Company, complainant,

*v.*

REGNA CONSTRUCTION COMPANY, a corporation, defendant.

[Argued October 21st, 1929.   Decided May 19th, 1930.]

*Mr. Samuel Tartalsky,* for the receiver-appellant.

*Messrs. Carey & Lane,* for Wasmuth-Endicott Company, respondent.

*Messrs. Green & Green,* for Domestic Electric Company, respondent.

*Mr. Charles Rubenstein (Mr. Louis Rubenstein,* on the brief), for Liberty Lighting Fixture Company, respondent.

The opinion of the court was delivered by

CASE, J.

Warren Dixon, Jr., appointed by the court of chancery as receiver of Regna Construction Company, an insolvent corporation, appeals from certain orders of that court and brings in as respondents Wasmuth-Endicott Company, Domestic Electric Company and Liberty Lighting Fixture Company,

conditional vendors of fixtures sold by them to the insolvent corporation. The principal asset of the corporation was a real estate property improved by a newly constructed apartment house to which the kitchenette cabinets, refrigerating boxes and lighting equipment sold by the respective respondents had been affixed. The receiver, under court order, sold the property, at public sale, free and clear of all liens and encumbrances except the first mortgage. Before the confirmation of sale respondents Wasmuth-Endicott Company and Domestic Electric Company filed petitions praying either for the return of the goods conditionally sold by them or that payment therefor be made in full from the proceeds of the sale. Respondent Liberty Lighting Fixture Company filed a proof of claim insisting upon payment as a preferred creditor. The court of chancery directed the receiver to take testimony and report as to these claims. The receiver reported that the claimants were entitled to payment as, and only as, general creditors. From those reports the respondents appealed to the court of chancery which reversed the receiver's reports and made orders directing the receiver to pay the respondents in full preference to all mortgagees, mechanics' lien claimants and others except administration expenses. From each of these orders the receiver appeals and the arguments thereon are consolidated.

The initial point is made against the appellant that he, being a receiver under appointment of the court of chancery, should not be heard in this court in the prosecution of an appeal from an order made by the court of his appointment concerning relative rights of parties to the suit.

In *Seidler* v. *Branford Restaurant, 97 N. J. Eq. 531,* Mr. Justice Lloyd, speaking for this court, quoted with approval from *Pom. Eq. Rem.* § *1641,* that "the receiver represents the court and acts for the interest of all concerned," and said further, in the original language of the opinion, "receivers are but the arms of chancery, appointed to preserve the property of corporate and similar entities for the benefit of all parties in interest, and in cases of insolvency to administer the estate under the direction of the court. In theory of law,

at least, a receiver has no part in his own selection, but stands as the representative of the court impartially between the parties."

It is to be noted that the orders under appeal affect only the parties and in no respect the receiver personally. They concern neither the official conduct of the receiver nor his accounts or credits. Nor do any of the appeals find their origin in a judgment of a court other than that whose officer the receiver is and on the appointment of which the receiver is officially acting. As was said in *Polk* v. *Johnson* (*Ind.*), *76 N. E. Rep. 634:* "A receiver is a mere officer of the court. His first duty is to obey its orders. He has no discretion, speaking generally, as to the application of funds which are in his hands by virtue of the receivership. He holds them strictly subject to the order of the court, to be disposed of as the court may direct. Being a mere agent of the court, he has no authority to appeal from orders made by it in the pending proceeding, except as it may authorize him to so do."

The appeals by the receiver place him in the position of taking sides, against the findings of the court by which he was appointed and under the direction of which he acts, for certain parties to the insolvency proceedings and against certain other parties; and this, we conceive, he is not permitted to do without the permission of that court. Mr. Justice Brewer in *Bosworth* v. *Terminal Railroad Association of St. Louis, 174 U. S. 182; 43 L. Ed. 941,* said: "Neither can he [the receiver] question any subsequent order or decree of the court distributing the estate in his hands between the parties to the suit. It is nothing to him whether all of the property is given to the mortgagee or all returned to the mortgagor. He is to stand indifferent between the parties, and may not be heard either in the court which appointed him or in the appellate court as to the rightfulness of any order which is a mere order of distribution between the parties."

The ineptitude of an effort by the receiver to prosecute an appeal in the favor of some and in opposition to others of the parties to the insolvency is illustrated by the fact that

there is now pending before this court an appeal by a mortgagee in its own behalf (No. 117 October term, 1929) from the precise orders here in question.

The receiver contends that the respondents are not parties to the suit and that their claims are antagonistic to all interested in the insolvent estate. We are unable to follow him in that argument inasmuch as, by his several reports, he found that the respondents had claims as general creditors. It follows, of necessity, that they are interested in the estate. The receiver further contends that permission to take the pending appeals was given by the court of chancery in open court and that an order was made by the chancellor on July 1st, 1929, which, as he states, is printed as a part of the record in case No. 117 above referred to. That order provides as follows: "It is ordered that Warren Dixon, Jr., receiver herein, set aside from the proceeds of sale of the property of Regna Construction Company the sum of $7,279.30, which sum shall be kept in a separate fund to await the determination of the court of errors and appeals on an appeal concerning the said conditional sales, and in the event of the decision by said court of errors and appeals distribution of said fund shall be made in accordance therewith." That order is, as stated, printed in the book of appeal of Consolidated Securities Corporation, and there is nothing in the order to indicate that it is other than a direction to the receiver to withhold certain sums pending the determination of that appeal. We are unable to read in it a direction by the court of chancery to the receiver to take an appeal in his own right and in his own name.

We find that the appeals now being prosecuted by the receiver have relation to the distribution of the funds of the receivership as between various claimants thereto; that the receiver is prosecuting these appeals without either the direction or permission of the court of chancery and that this the receiver may not do. It becomes unnecessary to consider the subject-matters of the appeals.

The appeals will be dismissed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.