MORTGAGE SECURITY CORPORATION OF NEW JERSEY, complainant-respondent,

*v.*

MARK TOWNSEND, JR., receiver of PARK AVENUE HOLDING COMPANY et al., defendants-appellants.

[Submitted February term, 1931. Decided May 18th, 1931.]

*Mr. Mark Townsend, Jr.,* for the appellants.

*Mr. Jerome C. Eisenberg,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

The appellant in this cause is the statutory receiver of the Park Avenue Holding Company, appointed under the Corporation act (*2 Comp. Stat. 1910 p. 1595 et seq.*), in proceedings adjudging said company to be insolvent; such company being the owner of an apartment house which was its only asset. After the appointment of the appellant, and his qualification as receiver, the Mortgage Security Corporation of New Jersey, the holder of a second mortgage upon the property, brought proceedings to foreclose its mortgage and obtained leave of the court to make the appellant, as statutory receiver, a party defendant and upon its application, under such proceedings to foreclose, the court under its general equity power, appointed a receiver, other than the appellant, to collect the rents and income from said mortgaged property, during such proceedings.

We conclude that the appeal must be dismissed.

This court said in *Seidler* v. *Branford Restaurant, Inc., 97 N. J. Eq. 531,* that "the receiver represents the court and acts for the interest of all concerned," and, "receivers are but arms of chancery, appointed to preserve the property of corporate and similar entities for the benefit of all parties in interest, and in cases of insolvency to administer the estate under the direction of the court. In theory of law, at least, a receiver has no part in his own selection, but stands as the representative of the court impartially between the parties." In *Crown* v. *Regna Construction Co., 106 N. J. Eq. 192,* this court said that the receiver there was prosecuting the appeals without either the direction or permission of the court of chancery and this he could not do.

That is the situation in the present case, and, for that reason, we conclude that the receiver has instituted and prosecuted the appeal in question without right, or authority, and, consequently, the appeal must be dismissed.

270

*For affirmance*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.