Complainant's bill is for the foreclosure of a mortgage. It alleges, inter alia, a subsequent conveyance of an interest in the mortgaged premises to one William Hill, and the subsequent recovery of a judgment against William Hill by "Edwin Robert Walker, Ordinary of the State of New *Page 350 
Jersey;" and names "Edwin Robert Walker as Ordinary of the State of New Jersey" as a party defendant. Process was issued and served accordingly.
Special appearance for the present motion was entered herein, on application and order, on behalf of the ordinary, and motion is now made to strike from the bill the portions thereof relating to the judgment above mentioned and relating to the ordinary as defendant. Motion was also made and argued (without objection that specification thereof was not contained in the notice), for the quashing of the process issued against the ordinary, and the setting aside of the return thereon.
It is not perceived that there is any ground for striking from the bill the allegation as to the recovery of the judgment. It is not contended that this allegation is in anywise contrary to the fact; and there appears neither error nor impropriety in the allegations of such fact. Such error and impropriety inheres rather in the naming of the ordinary as a party defendant and the issuance and service of process upon him, without his leave; and so far as that is concerned the motion must prevail. Indeed no serious argument is made to the contrary.
It is an elementary principle of government and jurisprudence that a sovereign state cannot be sued in its own courts without its consent. No such consent — no general authorization for such suit, nor any specific or particular authorization comprehending the situation in the instant case — has ever been given by this state.
It is almost equally elemental, that officers of the state exercising the sovereign power of the state within their appropriate sphere, are not subject to the jurisdiction of any other department of government, and hence are not subject to suit in the courts of that state without consent or authorization from the state. State v. The Governor, 25 N.J. Law 331 (at pp.349 et seq.). Application was made in that case for the issuance by the supreme court of a rule to show cause upon the governor of the state. Such a rule is essentially *Page 351 
process, and if issued would have been a judicial authorization of a suit against the governor of this state in the courts of this state. It was denied, inter alia, upon the broad ground that the court had no power to interfere with the action of the governor within his appropriate sphere of duties under the constitution (which that litigation sought to have the court do).
Upon similar principles a creditor was not permitted to attach, in the hands of the state treasurer, moneys due from the state to the creditor's debtor. Shinn v. Zimmerman, 23 N.J. Law 150;Lodor v. Baker, Arnold Co., 39 N.J. Law 49. See, also,American Dock and Improvement Co. v. Trustees for the Supportof Public Schools, 32 N.J. Eq. 428; Curtis Hill Gravel and SandCo. v. State Highway Commission, 91 N.J. Eq. 421 (at p.434).
It must be also that the constitutional courts of this state, in the exercise of their judicial functions within their constitutional spheres, are immune from interference not only by the executive and legislative branches of the government but also by other courts, except in so far as the constitution may have authorized. Neither the court of errors and appeals, nor the legislature may, in the absence of constitutional authority, interfere with a constitutional court in the exercise of its constitutional functions (Flanigan v. Guggenheim Smelting Co.,63 N.J. Law 647), (although a constitutional court exercising not the constitutional functions of that court but special duties delegated by the legislature is subject to review by certiorari
in the supreme court — In re Roebling's Estate, 91 N.J. Eq. 72). So, also, a court of equity does not and cannot assume or attempt to enjoin a court of law from proceeding in the exercise of its constitutional functions — the injunction is against the person or persons who are parties to the suit at law.
In Grove v. Van Duyn, 44 N.J. Law 654, it is held that a justice of the peace, acting bona fide in the exercise of his judicial duties, is not subject to suit although in fact it be later determined that he had no legal jurisdiction in the *Page 352 
matter. So, also, in Phelps v. Sill, 1 Day (Conn.) 315, it is held that the judge of a probate court is not subject to suit in regard to his taking of an executor's bond, since his action in the taking of such bond was in the course of the exercise of his judicial functions. In Commercial Trust Companyof New Jersey v. Drayton, 90 N.J. Eq. 264, it is held by the court of errors and appeals that a trustee in bankruptcy may submit himself to the jurisdiction of a state court, and that if he does, he is bound by the decree — indicating that without such voluntary submission or consent, the trustee could not be subjected to the jurisdiction of the state court.
In Pom. Eq. Jur. (4th ed.) § 1593, it is set forth that in a suit against a receiver in his official capacity, the consent of the court which appointed such receiver is a necessary jurisdictional fact, in the absence of which the suit cannot be maintained. This is of course because a receiver is a mere agent of the court. See Crown v. Regna Construction Co., 106 N.J. Eq. 192.
In the instant case, it is evident (by inference from the allegations in the bill) that the judgment in question must have been recovered in a suit brought upon an administrator's bond. It is also evident that such suit must have been brought upon such bond, by some interested party, in the name of the ordinary, and upon leave granted therefor by the ordinary; and that the judgment so recovered and still standing in the name of the ordinary, the appurtenant lien thereof (if any) upon any real estate, and the payment (if any) which may be made in satisfaction thereof — and as well also, the original bond — are all held in the name of the ordinary, but actually for the benefit of the parties interested in the estate; and that all these steps, including the taking and holding of the bond, and the recovery and holding of the judgment, were and are in the course of the exercise of the judicial functions of the ordinary within the appropriate sphere of his constitutional jurisdiction.
See generally, on this phase of the subject, the recent opinion *Page 353 
of the chancellor in Borden v. Wolf Silk Co., 108 N.J. Eq. 438.
"Money in court is money in the possession of the state" — and so, also, a bond or other property in the possession of the court, is in the possession of the state. Trustees of PublicSchools v. Taylor, 30 N.J. Eq. 618 (at p. 623). It is held in trust for the benefit of some person or persons, who may or may not be in esse, whose identity may or may not be already ascertained, whose rights may or may not have been already established.
In the case of money paid into the court of chancery — suppose that some person who is in nowise personally subject to the jurisdiction of that court has a right thereto which is clear and conceded: it will scarcely be contended that such person could sue the chancellor at law to obtain it — without the chancellor's consent, at least.
So, also, as to property in the prerogative court — the ordinary may not be sued in respect thereof in any other court without authorization or consent. No constitutional authorization for such a suit is pointed out — and this court knows of none.
Obviously the same thing must be true as to suit in respect to a judgment obtained and held in the name of the court, on a bond which had been made to and held in the name of the court. The judgment is the same property in another form, but is equally property in custodia legis.
It is deemed evident, therefore, that the judgment in question is held by the ordinary in the due and appropriate exercise of his constitutional judicial functions — and that he may not be sued in respect thereto in the courts of this state, without his consent.
The bill is further defective, however, in that the persons materially interested in the judgment in question, have not been made parties — nor have any of them. As has already been pointed out, this judgment is taken and held in the name of the ordinary, but in trust for the benefit of some person or persons. Indeed all property held in the name of *Page 354 
an officer of the state in his official capacity is held in trust for the benefit of some person. Chancellor v. City ofElizabeth, 65 N.J. Law 479 (at p. 482).
It is the general rule that all persons materially interested in the subject-matter of a suit must be made parties thereto.Story Eq. Pl. §§ 72, 76A. So, in Carter v. Uhlein,36 Atl. Rep. 956, this court held defective a bill affecting property in the ownership of a trustee for bondholders, where the bondholders had not been made parties and no reason was shown for such failure. And it is the duty of an ordinary trustee, who is served with process as a party to a suit, to insist that his cestuisque trustent be brought in as parties. Holland v. Baker, 3Hare 68, 73.
In the instant case the necessity of enforcing this rule is even greater, for the trustee is not an ordinary trustee, and it cannot even be assumed that notice to him will be transmitted to the persons actually interested.
The ordinary has no duty to perform with respect to this judgment other than to permit action to be taken in regard thereto by some person beneficially interested therein, when such person applies in that behalf and makes a proper showing. It is obviously not his duty to ascertain of his own motion whether there has been a breach of an administrator's bond; nor even to bring suit on such bond after it has been made to appear that a breach has occurred.
Cf. Trustees of Public Schools v. City of Trenton, 30 N.J. Eq. 667
(at p. 687), where it is held that it is not the official duty of the chancellor to see that taxes on premises covered by a mortgage made to him, are not permitted to fall in arrears.
As to property in custodia legis the court is under no duty to take any action in regard thereto unless and until moved thereto on the application of some person beneficially interested — and then only to the extent of permitting, in a proper case, the interested parties, or some of them, to take the actual steps affecting the property.
The court is therefore under no duty, on being given notice *Page 355 
that litigation has been commenced affecting property incustodia legis, to notify the persons beneficially interested. And this might well be in itself sufficient reason for requiring complainant to obtain leave of the ordinary to implead him — for on the application for such leave the ordinary has opportunity to impose conditions upon such consent (if given), and these would naturally include requirement that the parties actually interested be brought in. If the persons actually interested in the property be not in esse, or not ascertained, or under disability, or the like, proper steps can be directed so that their interests may be actively represented and protected.
The ordinary, likewise, was under no duty to make the present special appearance and objection. The course taken in the instant case has seemed advisable, however, in order to bring sharply to the attention of the bar, the principles herein set forth — inasmuch as several attempts have recently been made to subject the chancellor and the ordinary to the jurisdiction of federal and state courts under the apparent belief that such officer held some relationship to property in custodia legis other than his mere judicial relationship without duty to protect the parties actually in interest.
The portion of the bill making the ordinary a defendant will be stricken out, the process quashed and the service set aside; with costs against complainant. Complainant may have leave to amend its bill by inserting proper allegations as to the persons beneficially interested in the judgment alleged to have been recovered in the name of the ordinary and by making such persons parties defendant. *Page 356