On March 16th, 1931, three separate orders were made and entered in this case. One directed the receiver to pay to the Bank of Manhattan Trust Company, as trustee — and hereinafter *Page 430 
referred to as trustee — the sum of $21,184.87, the amount of the taxes due on property which he had gone into possession of; another fixed the compensation of both trustee and its counsel; and the other fixed the compensation of complainant's counsel. Application is now made by the Peoples Bank and Trust Company of Passaic, Rutherford Trust Company and the Rutherford National Bank, as creditors of Standard Bleachery Company, the insolvent defendant corporation, to vacate these orders upon the ground, as stated in their petition, that "said orders are improper, are not in accordance with law, and that it was the receiver's duty to object to the making of said orders and to have appealed therefrom promptly." It will be unnecessary for me to deal with the last of these orders, because the petitioners have withdrawn their objection thereto, stating so in their argument to the court.
As to the first of these orders: On April 1st, 1923, the Standard Bleachery Company, to secure a bond issue, executed and delivered a mortgage upon its property to the American Trust Company, as trustee; the present trustee having since been substituted for it. Thereafter a bill of complaint was filed against the said Standard Bleachery Company, as a result of which it, on October 3d 1930, was adjudicated insolvent and the present receiver was appointed, who immediately assumed control and possession of all of its assets and continued the operation of its bleachery business. Subsequently, such proceedings were had in the cause that on December 18th, 1930, an order was entered requiring all parties in interest to show cause on December 24th, 1930, why the mortgaged property should not be sold, a copy of which show cause order was duly served upon all of said parties, including the present petitioners.
On December 24th, 1930, the return day of said order to show cause, counsel for the trustee appeared and contended that the trustee was entitled to have the accrued taxes on the property paid by the receiver out of the general estate, with the result that an order was entered directing the mortgaged property to be sold, subject, however, to, and in accordance with, the provisions therein specified, one of which reads: *Page 431 
"10. Ordered that, if the proceeds of the sale of the property subject to the lien and operation of the mortgage made to the American Trust Company, as trustee, now held by the Bank of Manhattan Trust Company, trustee, shall not be sufficient to liquidate the amount due upon the balance with interest and costs, then the Bank of Manhattan Trust Company, as trustee, shall be entitled to subrogation to the rights of the municipal authorities for the amount of taxes and other municipal liens subject to which such property may be sold to the extent which may be subsequently determined by this court to be proper, and to an amount sufficient to make up any deficit on the mortgage debt."
On March 9th, 1931, the trustee presented its petition wherein it recited the making of the order above referred, the sale of the mortgaged premises subject to taxes amounting to $21,529.17, $21,184.87 and $21,184.87, due on December 1st, 1929, June 1st, 1930, and December 1st, 1930, respectively, and the further fact that a deficiency resulted from said sale and concluded with a prayer for an order requiring the parties in interest to show cause, amongst other things, why "the court should not adjudge and decree * * * That the receiver pay to the Bank of Manhattan Trust Company the amount of the taxes subject to which the property was sold, to wit, taxes due December 1st, 1929, $21,529.17 with interest; taxes due June 1st, 1930, $21,184.87, with interest; taxes due December 1st, 1930, $21,184.87, with interest, or such amount of such taxes as the court may determine to be proper, and why the petitioner should not have such other and further relief as may be proper."
Although due service of this order was effected upon all parties in interest, including these petitioners; no one, excepting the receiver and the trustee, appeared upon the return day, when this court, after hearing and considering the matter, made the following order:
"It is, on this 16th day of March, 1931, ordered that the receiver pay to the Bank of Manhattan Trust Company, as trustee, the sum of $21,184.87, the amount of the taxes due December 1st, 1930, with interest computed in accordance *Page 432 
with the terms of the tax acts, to date of closing title by the receiver of said property."
It is apparent that this order is an interlocutory one, and is not a final decree. The time within which an appeal may be taken from such an order is, by P.L. 1914 ch. 86 p. 133, limited to forty days. The petition upon which the present application is based was not presented until June 22d 1931, or long after the expiration of the statutory period limited for the filing of an appeal, and consequently this court is without power to entertain it. This is in accord with the well settled rule that a petition to open or vacate an order or decree of this court cannot be entertained after the expiration of the statutory period allowed for an appeal from such order or decree. Watkinson v.Watkinson, 68 N.J. Eq. 632; Sparks v. Fortescue, 75 N.J. Eq. 586; Boyer v. Boyer, 77 N.J. Eq. 144; Mitchell v. Mitchell,97 N.J. Eq. 298.
To grant the present application to vacate would be tantamount to granting a rehearing upon or a review of the order in question, which this court, in view of the efflux of the statutory period prescribed for an appeal, is wthout power to do. While the statute is entirely silent with respect to the period limited for the filing of a bill of review, neverthelsss it seems to be well settled in this state that the analagous limitations of the right of appeal govern, and that a bill of review cannot be filed after the expiration of the time limited by statute for the taking of an appeal, except in case of fraud or newly discovered evidence. Boyer v. Boyer, supra; Kelsey v. Dilks,72 N.J. Eq. 834; Sparks v. Fortescue, supra; Watkinson v.Watkinson, supra; Cumberland Lumber Co. v. Clinton Hill Lumberand Manufacturing Co., 84 N.J. Eq. 557; Kirschbaum v.Kirschbaum, 92 N.J. Eq. 7; Mitchell v. Mitchell, supra.
The granting of the present application is confronted by a further legal obstacle, which consists of the fact that the order has already been fully complied with and carried into effect, the receiver having already paid the money over to the trustee. Hence, there remains nothing for the court to *Page 433 
consider other than a moot or academic question, and this, under the well established principles of law, it will decline to do.Coryell v. Holcombe, 9 N.J. Eq. 650; Camden and AtlanticRailroad Co. v. Elkins, 37 N.J. Eq. 273; Mayor and Council ofGloucester City v. Greene, 45 N.J. Eq. 747; Macklin v. EssexPark Realty Co., 101 N.J. Eq. 776.
It is also urged on behalf of petitioner that the receiver should have appealed from this order. Suffice it to say that all of the authorities of this state clearly hold that a receiver of this court, whose instrumentality he is and by whose creation he exists, has no right to appeal from its orders except upon its express direction and permission. Crown v. Regna ConstructionCo., 106 N.J. Eq. 192; United States Fidelity and Guaranty Co.
v. United Steel Construction Co., 106 N.J. Eq. 232; MortgageSecurity Corp. v. Townsend, 108 N.J. Eq. 268.
And even if the present application could be entertained, a consideration of the merits would require its denial. The order of December 24th, 1930, expressly saved and reserved to the trustee the right to have the taxes in question paid to it, despite the sale of the property subject thereto. To the making of this order, although due opportunity was afforded to them, the petitioners did not object. The trustee, as it of right could do, relied upon this order, whereby it was given the right to apply to this court for the payment to it of the taxes notwithstanding the sale of the property subject to said taxes, and permitted the property to be sold in the manner therein specified. If the provisions of that order were objectionable, petitioners should have then objected thereto, instead of now attempting to do so indirectly by objecting to the order in question, which is in mere furtherance of or gives effect to the provisions of that order. Having chosen to remain silent then, equity and good conscience requires that they be not heard now, after the trustee, relying upon the provisions of said order, has permitted its status and rights to be changed as a result of the property being sold in the manner therein prescribed.
Moreover, the taxes which this order required the receiver *Page 434 
to pay had accrued after he had taken possession of the property against which they were assessed. As such, they were properly allowed and should be paid by the receiver. Every consideration of equity and fair dealing requires a receiver, who has elected to accept and go into possession of property, to take it cumonere, and to bear and pay all of the charges incidental to the occupation which he has thus enjoyed. One of these charges is taxes, assessed against the property, the possession of which he had and which, like all other operating and maintenance expenses, is a debt incurred by the receiver in the administration of his trust, and payable by him out of the general assets coming to his hands. In re Mont Alto Iron Co., 174 Pa. St. 430;34 Atl. Rep. 638; Wiswall v. Kunz, 173 Ill. 110; 50 N.E. Rep. 184; UnionTrust Co. v. Great Eastern Lumber Co., 248 Fed. Rep. 46; BearRiver Paper and Bag Co. v. City of Petoskey, 241 Fed Rep. 53;Hammond v. Carthage Sulphite Pulp and Paper Co., 8 Fed. Rep.
(2d ed.) 35; First National Bank of Boston v. Proctor,40 Fed. Rep. (2d ed.) 841; MacGregor v.Johnson-Cowdin-Emmerich, Inc., 39 Fed. Rep. (2d ed.) 574.
With respect to the second of these orders, the one fixing the compensation of the trustee and his solicitors, it is conceded that due notice of the application for such an order was given to the receiver, who, as was pointed out by Mr. Justice Lloyd inSeidler v. Branford Restaurant, 97 N.J. Eq. 531, "represents the court and acts for the interest of all parties concerned."Crown v. Regna Construction Co., supra; United States Fidelityand Guaranty Co. v. United Steel Construction Co., supra, andMortgage Security Corp. v. Townsend, supra. Hence, notice of such an application to him was sufficient and was all that was required.
It is also to be observed that the compensation thus fixed for the trustee and its counsel is properly allowable and payable out of the defunct corporation's estate. Under the provisions of section 3 of article VII of the mortgage held by the trustee, the defunct corporation had expressly obligated itself and agreed to pay to the trustee, on demand, reasonable compensation and to reimburse it for all its expenditures, as *Page 435 
well as to indemnify and save it harmless against any liabilities which it may incur in the exercise of its powers and duties under the said mortgage, and all of which were specifically charged as a first lien upon the mortgaged premises in favor of said trustee.
Nor is the compensation, as fixed for the trustee and its counsel excessive or unreasonable. Both the trustee and the bondholders committee were satisfied with and expressly approved the amount sought by the trustee and its counsel for their respective services, and which was the amount subsequently fixed by this court. At the time when the application for these allowances was before it, the court was fully informed from the evidence of the labors, as well as to the type, character and quality of the services rendered by the trustee and its counsel in the discharge of their respective duties. Judging from the extent and character of these, as well as the able and efficient manner in which they were performed, I am fully satisfied that the compensation allowed to them was but fair and reasonable.
This order, like the one herein first considered, is dated March 16th, 1931, while the present application to vacate it was presented on June 22d 1931. That this application — coming, as it does, after the expiration of the statutory period for filing an appeal — cannot now be entertained, is clearly held by the case of Watkinson v. Watkinson, supra, and other cases in point, as hereinbefore indicated.
I am not to be understood — from my reference to some of the facts, which clearly support and constitute ample legal and equitable justification for the entering of each of the orders in question — as having vacated the orders in question or as entertaining the application to do so. The observations in those respects were made solely for the purpose of indicating that a consideration of the merits, even if petitioners were entitled to such, could but lead to a denial of their application.
For the reasons indicated, I am constrained to deny the present application with respect to all of the orders in question, and such will be the order of the court. *Page 436