The only present inquiry is whether the affidavit of defendant Beakley, as mortgagee in a certain chattel mortgage, satisfies the requirements of our Chattel Mortgage act. 1 Comp. Stat.p. 463 § 4. That statutory requirement is that an affidavit made and subscribed by the holder of the mortgage, his agent or attorney, must be annexed to the mortgage, "stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon."
The present hearing is based upon a motion made by complainant — a judgment creditor of the mortgagor — to strike out separate answers of the mortgagor and mortgagee on the ground that the affidavit annexed to the mortgage is inadequate to meet the requirements of the act. Thus the controversy at this time is confined to the sufficiency of the affidavit, standing alone and unaided by any inquiry touching the circumstances of the transaction or the truth of the affidavit.
This narrowed inquiry must be borne in mind because the affidavit, standing alone, may be adequate; whereas, when considered at final hearing in the light of all the circumstances of the transaction, it may be found to be entirely misleading or even untrue.
Touching the sufficiency of the affidavit, thus standing alone, an examination of the several adjudications in this state will disclose that the earlier authorities — no doubt measurably based upon the theory that the statutory policy of this state was adverse to the general use of chattel mortgages in commercial transactions — required the consideration of the mortgage to be set forth in the affidavit with a high degree of strictness or with technical skill; but in American Soda Fountain Co. v.Stolzenbach, 75 N.J. Law 721, and again in Howell v. Stone,75 N.J. Eq. 289, our court of errors and appeals specifically repudiated that view and held that the rule *Page 10 
of substantial compliance should prevail; that rule has since been uniformly recognized in this state. In re Novelty Web Co.,236 Fed. Rep. 501, Judge Woolley, as federal circuit judge, affirming Judge Haight, formerly federal district judge for this state, points out with great clearness the relaxed requirements under the substantial compliance rule, and how it in no way lessens the final and controlling inquiry, in the light of all the facts, whether the real consideration has been honestly and adequately set forth in the affidavit.
In the present case the affidavit sets forth as the consideration of the mortgage a list of demand promissory notes, giving the date of each note and, briefly stated, what each note was given for. Some are stated to be for "money loaned;" some for "hay and corn;" one for "horses, hay, c.;" one for "settlement seeds;" one for "farm settlement, 1925;" one for "farm settlement, 1926;" one for "settlement moving."
It will be observed that it is not specifically stated in the affidavit that these several notes were made by the mortgagor to the mortgagee, and the details of the transactions are but meagre; but the affidavit is reasonably understood as carrying the averment that the notes were from the mortgagor to the mortgagee for money loaned by the former to the latter and for the several items of merchandise sold by the former to the latter and for balances ascertained to be due at farm settlements.
Our court of errors and appeals has approved the statement that the legislative purpose in the enactment of the statute was to compel the mortgagee to commit himself to a statement or disclosure of his debt or claim, under oath, when he made his mortgage a matter of public record, sufficiently precise and specific to afford the creditors of the mortgagor, in case fraud was suspected, a fair opportunity to ascertain, by judicial investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover. Spielman v. Knowles,50 N.J. Eq. 796. I think this affidavit satisfies that requirement. Complainant may proceed to final *Page 11 
hearing to the end that it may then be ascertained by judicial investigation whether the affidavit annexed to the mortgage fairly and honestly states the facts touching its consideration.
The motion to strike will be denied.