McKESSON-ROEBER-KUEBLER COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. LEON RICHTER, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided February 2, 1934.

For the appellant, *Kraemer, Siegler & Siegler.*

For the respondent, *Abraham Welanko.*

The opinion of the court was delivered by

HETFIELD, J.   The sole question involved in this case, is whether the affidavit to a chattel mortgage is sufficient to answer the statutory requirements. The record presents the following situation: On May 7th, 1928, Robert R. Miller, who operated a drug store at No. 213 Main street, in the city of Passaic, obtained a loan of $10,000 from one Jacob Landau, and on December 12th, 1928, borrowed an additional sum of $5,000 from the same party. In each instance, Miller, for the purpose of securing the payment of this indebtedness,

executed and delivered to Landau a chattel mortgage, covering the merchandise and fixtures contained in said drug store, which mortgages were duly recorded.. On November 13th, 1929, Miller gave Landau a third chattel mortgage on the same property, for $12,500. Landau then canceled and surrendered the first two mortgages, upon which there was due the sum of $8,979, and also paid and satisfied another chattel mortgage of $1,000, held by one Sam Jacobs. The balance of $2,521 was paid to Miller by Landau's check dated November 13th, 1929. The last-named mortgage was to be paid in one hundred weekly installments of $125 each. Miller defaulted in said payments; and on February 6th, 1931, the goods and chattels were sold at a foreclosure sale, and were purchased by Landau, the mortgagee, who a week thereafter, sold the merchandise and fixtures to the present appellant, who continued to conduct the drug business at the same location.

On February 21st, 1931, the respondent recovered a judgment against Miller in the New Jersey Supreme Court for $9,796.98. Subsequently, an execution was issued, and the sheriff sold the merchandise, purchased by the appellant, to the respondent. A demand was made on the appellant for possession of the goods and chattels, which was refused, and by reason thereof, the present action of conversion was instituted in the Supreme Court, Essex Circuit.

The respondent based its right to possession of the property entirely upon the grounds that the chattel mortgage was invalid, by reason of the insufficiency of the affidavit, which reads:

"STATE OF NEW JERSEY, } ss.
    COUNTY OF ESSEX }

Jacob Landau, being duly sworn, on his oath deposes and says:

1. I am the mortgagee in the foregoing mortgage named.

2. That the true consideration of the said mortgage is Twelve Thousand Five Hundred ($12,500.00) Dollars, this day loaned by me to the said Robert R. Miller, to be repaid to me with interest at the rate of six per cent., payable in

one hundred installments of One Hundred Twenty-five ($125.00) Dollars each, the first installment one week from the date hereof, and one each and every week thereafter, the last installment to be due and payable in one hundred weeks from the date hereof, at which time the said sum of Twelve Thousand Five Hundred ($12,500.00) Dollars shall be fully paid and satisfied.

3. Deponent further says that there is due on the aforesaid mortgage, the principal sum of Twelve Thousand Five Hundred ($12,500.00) Dollars, besides lawful interest thereon from the date herof.

Sworn and subscribed to
    before me this 13th day
    of November, 1929.                     JACOB LANDAU.
JENNIE MICHELSTEIN,
            *A Notary Public of New Jersey."*

The respondent contends that the affidavit was misleading, in that it indicated that on the date thereof, the sum of $12,500 in actual funds, had been loaned to the mortgagor, and that a present, and not a past consideration, was intended, and that in fact, the true consideration for the mortgage was not $12,500, but $3,521, as an additional loan, and the extinction of pre-existing mortgage debts; and had the affidavit so stated, other creditors of Miller would have known that a preference had been given to Landau, and could then have protected their rights, and filed an involuntary petition in bankruptcy.

The trial court accepted the respondent's view, and directed a verdict for the plaintiff, on the question of liability, and left the amount of damages for the determination of the jury, which rendered a verdict of $5,001.38.

We think the trial court was in error. Section 4 of the Chattel Mortgage act (*Comp. Stat., pp.* 463, 464), provides that every chattel mortgage which shall not be accompanied by an immediate delivery of the mortgaged chattels shall be void as against subsequent purchasers and mortgagees in good faith, "unless the mortgage has annexed thereto an affi-

davit or affirmation made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of said mortgage, and, as nearly as possible, the amount due and to grow due thereon." We fail to see in what manner the rights of other creditors were in anyway prejudiced by the mortgage now being attacked. The two mortgages surrendered were encumbrances on the same property, and the amount due thereon, together with the new money advanced, constituted the consideration for the new mortgage. The statute only requires that the consideration shall be stated in the affidavit; and where the consideration or a part thereof, consists of the balance due on other like encumbrances, covering the same property, failure to state that fact therein, will not void the mortgage, on the grounds that the statute has not been complied with. *Lessler* v. *Paterson National Bank,* 97 *N. J. Eq.* 396; *affirmed,* 99 *Id.* 428; *Sadler* v. *Banaff,* 85 *Id.* 335.

The judgment under review will be reversed.

*For affirmance*—None.

