Passaic County Circuit Court.

ARTHUR J. O'DEA, TRUSTEE IN BANKRUPTCY FOR WEBBER MOTOR CO., PLAINTIFF, v. UNIVERSAL CREDIT COMPANY, DEFENDANT.

Decided March 25, 1943.

For the plaintiff, *Wallace S. DePuy.*

For the defendant, *Koplin & Ryan.*

Leyden, C. C. J. The defendant's motion to strike the reply as insufficient raises a point of law namely, the interpretation of the statutes, *R. S.* 46:28-5 and *R. S.* 46:28-5.1; *N. J. S. A.* 46:28-5 and 46:28-5.1, the determination of which, the parties agree, is dispositive of the controversy with judgment to the successful party on the pleadings.

The question of law presented is stated by the parties in the stipulation of facts as follows: are the chattel mortgages null and void and invalid because they do not have annexed thereto an affidavit or affirmation made and subscribed by Universal Credit Company, the holder thereof or by its agent or attorney, stating the considerations of the said chattel mortgages and further stating as nearly as possible the amounts due or to grow due thereon?

From the stipulated facts it appears that for some time prior to March, 1940, the Webber Motor Co., Inc., of Westwood, Bergen County, New Jersey, was engaged in the business of storing, shipping and selling goods, merchandise and chattels, to wit, new and used motor vehicles and trailers.

On March 13th, 1940, the Webber Motor Co., Inc., and the defendant, Universal Credit Company, duly executed a statement of intention to execute and accept a series of chattel mortgage transactions and the said statement was recorded in the office of the clerk of the county of Bergen on June 12th, 1940.

Between June 12th, 1940, and May 18th, 1942, the six chattel mortgages in question were made, executed and delivered by the Webber Motor Co., Inc., to the Universal Credit Company. The Universal Credit Company advanced the sum of money recited in each of the mortgages and it is admitted that at the time of the execution and delivery of the several mortgages the vehicles described therein were in the possession of the Webber Motor Co., Inc., and remained in its possession until taken by the Universal Credit Company; that the several chattel mortgages were not recorded in the office of the clerk of the County of Bergen, and that the mortgages do not contain affidavits or affirmations made and subscribed by the Universal Credit Company, its agent or attorney, stating the considerations therefor and as nearly as possible the amounts due or to grow due thereon; that at the time of the execution and delivery of the mortgages and at the time of the taking of the said motor vehicles by the Universal Credit Company there were in existence other unsecured creditors of the Webber Motor Co., Inc.

On the 18th day of May, 1942, the Webber Motor Co., Inc., was adjudicated a bankrupt on petition filed by creditors of said company and the present plaintiff is its trustee in bankruptcy.

The plaintiff's complaint is in replevin, seeking the possession of the motor vehicles described in the several chattel mortgages, now admittedly in the defendant's possession. The answer denies the plaintiff's right to possession and it affirmatively asserts that defendant is entitled thereto. The reply attacks the validity of the chattel mortgages.

On the facts presented the chattel mortgages are void as against creditors of the Webber Motor Co., Inc., and the present plaintiff. A chattel mortgage not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged is void as against creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, (1) has annexed thereto an affidavit or affirmation made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration therefor, and, as nearly as possible, the amount due or to become due thereon, and (2) is recorded in the proper public office. Such is the mandate of the statute, *R. S.* 46:28-5; *N. J. S. A.* 46:28-5. The purpose of the familiar affidavit or affirmation of consideration is to prevent fraud; that of recording to give notice, actual or constructive. Where, however, the parties contemplate a series of chattel mortgages to be issued by one as a dealer on his stock in trade, obedience to the command of the statute with reference to the recording of each chattel mortgage is rendered unnecessary, if prior to the execution and delivery of any such mortgage, or series thereof, the proposed mortgagor and mortgagee execute under seal, acknowledge and record in the proper public office, a statement setting forth the location of the chief place of business of each of the parties, the fact that the mortgagor may execute and the mortgagee may accept a series of chattel mortgage transactions arising out of the business of the mortgagor, and a general description of the type of chattels to be made the subject of such mortgages, *R. S.* 46:28-5.1; *N. J. S. A.* 46:28-5.1. A substitute method of giving notice of the existence of a particular lien is therein provided by requiring the holder of any such mortgage so executed to disclose on proper demand whether any chattel described in the demand is subject to the lien of any such mortgage.

Nothing can be found in the context of the statute, *R. S.* 46:28-5.1; *N. J. S. A.* 46:28-5.1, which would justify the conclusion that its provisions were intended to or do obviate the affidavit of consideration as an indispensable requisite to a valid chattel mortgage. Recording fees are saved and a

new method of giving notice of the existence of a particular mortgage lien is provided but each chattel mortgage, executed and delivered under its provisions, must have annexed the affidavit of consideration pursuant to *R. S.* 46:28-5 to be valid against the creditors of the mortgagor.

The reply is, therefore, sufficient in law and judgment may be entered in favor of the plaintiff, Arthur J. O'Dea, trustee in bankruptcy for Webber Motor Co., Inc., and against the defendant, Universal Credit Company, for possession of the motor vehicles demanded.