[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 198 
The plaintiff on October 14, 1947 was appointed statutory receiver of Marlowe Motors, Inc., an insolvent corporation. He brought this action to declare null and void four chattel mortgages made by the insolvent corporation to the defendant, dated, respectively, August 27, September 5, 7 and 23, 1947. Their validity is challenged on two grounds: first, that the statement of intention to execute and accept a series of chattel mortgage transactions, dated March 11, 1947 and recorded on March 13, 1947, was not acknowledged in accordance with R.S.
46:28-5.1, because the secretary of the insolvent corporation did not appear before the notary public as the said acknowledgment recites, and, second, that the mortgages themselves are invalid because the affidavits are not drawn in conformity with the requirements of R.S. 46:28-5. There is no merit in the plaintiff's first ground, as he has failed to present evidence to overcome the presumption of validity which attaches to the certificate of acknowledgment. Homoeopathic Mutual Life Ins. Co.v. Marshall, 32 N.J. Eq. 103 (Ch. 1880), Mitschele-Baer,Inc. v. Livingston Sand c., 103 N.J. Eq. 286 (Ch. 1931).
The filing of a statement executed by a mortgagor and mortgagee that the mortgagor may execute and the mortgagee may accept a series of chattel mortgage transactions under *Page 199 
and in accordance with the provisions of R.S. 46:28-5.1, merely makes it unnecessary that the mortgage or instrument mentioned inSec. 46:28-5 be recorded. For a chattel mortgage to be valid, there must be compliance with the provisions of R.S. 46:28-5.O'Dea v. Universal Credit Co., 21 N.J. Misc. 93 (Cir.Ct.,Passaic Co., 1943). To be valid against creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, the affidavit annexed to the chattel mortgage must contain a true and full statement of the consideration. "Honesty is not alone the determinative; completeness of statement is also a prerequisite." Bigel v. Brandtjen Kluge, Inc.,131 N.J. Eq. 119 (E. A. 1942). The affidavits of consideration executed by the mortgagee are in all the mortgages in question alike except as to amount. Thus, the mortgage of August 27th recites "* * * that the true consideration of this mortgage is the sum of $3,500 loaned by the mortgagee to the mortgagor on the 27th of August, 1947, at the special instance and request of the mortgagor upon the express promise of the mortgagor to repay the said sum on demand, as evidenced by promissory note(s) executed by the mortgagor to the mortgagee * * *" No promissory notes were executed, but on the dates recited the proceeds of the said alleged chattel mortgages were used by the mortgagee to repay itself on an antecedent unpaid balance due to it from the mortgagor. The affidavits annexed to the chattel mortgages therefore did not truthfully, fully and completely set forth the true consideration, and are therefore void. In re Rock SpringWater Co., 140 Fed. 2nd 566. Adelman v. Ulshofer,123 N.J.L. 417 (Sup.Ct. 1939). Schwartz v. Maguire,131 N.J. Eq. 578 (E. A. 1942).
Judgment will be entered in accordance with these conclusions.
 Addendum.
Upon receipt of the above opinion, the defendant made application to enlarge the record by including in the evidence the four promissory notes which, not having been offered in evidence at the hearing, the opinion stated had not been executed. Without objection by the plaintiff, an order has now been entered, *Page 200 
admitting the four promissory notes into evidence, marked as Exhibits D-13, D-14, D-15 and D-16; but their admission does not alter my conclusions as expressed in the opinion.