This is an appeal by the defendant, The Credit Corporation, from a judgment of the Chancery Division which declared four chattel mortgages held by it and executed by Marlowe Motors, Inc., to be void and directed that the proceeds therefrom be paid to the plaintiff as statutory receiver of Marlowe Motors, Inc.
Marlowe Motors, Inc., was a dealer in new and used automobiles with its principal place of business in East Orange, and the defendant is an automobile finance company, having its principal place of business in Newark. In March, 1947, Marlowe Motors, Inc., as mortgagor and the defendant as mortgagee, duly executed and recorded, in accordance with the terms of R.S. 46:28-5.1, a statement that thereafter "the mortgagor may execute and the mortgagee may accept a series of chattel mortgage transactions arising out of the business of the mortgagor." In due course several loans were made *Page 179 
by the finance company to the automobile dealer and chattel mortgages were executed as security therefor.
On August 27, 1947, the finance company made a loan of $3,500 evidenced by a promissory note of the same date in that sum executed by the automobile dealer and secured by a chattel mortgage on a Jaguar Sedan. The proceeds of this loan were not delivered in cash but pursuant to direction of the dealer were credited towards payment of an earlier loan secured by a 1947 Lincoln car. The earlier loan being satisfied, the chattel mortgage on the 1947 Lincoln car was canceled.
In September, 1947, three additional transactions of similar nature were consummated, promissory notes and chattel mortgages were executed and the earlier chattel mortgages were canceled. The four chattel mortgages executed in August and September, 1947, were not recorded although each was accompanied by an affidavit which stated that the consideration therefor was the loan in the specified amount evidenced by a promissory note. Upon attack by the receiver, the Chancery Division found (1) that although, in view of R.S. 46:28-5.1, it was unnecessary that the chattel mortgages be recorded, affidavits of consideration were required as theretofore, and (2) that the affidavits "did not truthfully, fully and completely set forth the true consideration, and are therefore void." See Bruck v. The CreditCorp., 2 N.J. Super. 196, 65 A.2d 86 (Ch. Div. 1948).
In the light of the cases following American Soda Fountain Co.v. Stolzenbach, 75 N.J.L. 721 (E. A. 1908), to the effect that affidavits of consideration attached to bona fide chattel mortgages should be construed liberally rather than technically and that the courts should seek "to preserve and not to destroy" them [Howell v. Stone Downey, 75 N.J. Eq. 289, 290 (E. A. 1909)], we are not prepared to express approval of the lower court's view that the affidavits, if necessary, were not sufficient. They accurately set forth the making of the loans evidenced by the promissory notes; and although they did not describe the disposition of the proceeds there are decisions which suggest that, under the circumstances, *Page 180 
this was unnecessary. Cf. McKesson-Roeber-Kuebler v. Richter,112 N.J.L. 339 (E. A. 1934); Weiss v. Central Cafeteria,112 N.J. Eq. 232 (E. A. 1933); Lessler v. PatersonNational Bank, 97 N.J. Eq. 396 (Ch. 1925); affirmed,99 N.J. Eq. 428 (E. A. 1926). However, we need not pursue this issue since we have reached the conclusion that the proper filing by the parties of the statement of intention under R.S.
46:28-5.1 was sufficient to protect the mortgagee even though no affidavits of consideration had been executed.
It is not disputed that in so far as the mortgagor and the mortgagee are concerned, no affidavit of consideration is required for the effectiveness of the chattel mortgage. R.S.
46:28-5 does provide that with respect to creditors and subsequent purchasers and mortgagees in good faith the chattel mortgage shall be void "unless the mortgage, having annexed thereto an affidavit" of consideration is recorded. This requirement of recording the mortgage with affidavit attached was properly designed to furnish a mode of notice to creditors and a measure of protection against fraud. However, in so far as it was applied to dealers in automobiles and other goods, who frequently executed series of chattel mortgages in the regular course of their business, many believed that it worked a hardship without commensurate advantage. To correct this situation the Legislature in 1936 enacted P.L. 1936, c. 257 (now R.S. 46:28-5) which provides that where persons engaged in the business of selling merchandise contemplate the making of chattel mortgage transactions in the course of their business, they as mortgagors and their mortgagees may execute and record a single statement of their purpose, without any annexed affidavit, and that the individual chattel mortgages need not be recorded but will be valid to the same extent as though duly recorded in the manner provided by R.S. 46:28-5. The recording of the single statement, coupled with the nature of the mortgagor's business, is deemed to furnish to creditors ample notice that chattel mortgages are likely. If a creditor seeks to ascertain whether a mortgage has been placed on any particular automobile or other *Page 181 
article, he may make inquiry of the mortgagee and under the terms of the statute the mortgagee is obliged to disclose in writing whether the chattel is subject to the lien of any mortgage executed by him. It is significant that although R.S. 46:28-5.1 provides for such disclosure, it does not require that the mortgage furnish or display any copy of the chattel mortgage.
The appellant, citing the Circuit Court decision in O'Dea v.Universal Credit Co., 21 N.J. Misc. 93 (1943), contends thatR.S. 46:28-5.1 should be construed to mean that although chattel mortgages executed following the recording of an appropriate statement pursuant thereto need not be recorded they must, nevertheless, be acompanied by affidavits of consideration. We find nothing either in the purpose or letter of R.S.
46:28-5.1 supporting this limited construction. On the contrary, we believe that the Legislature contemplated that in view of the nature of the mortgagor's business and the recording of the statutory statement, creditors and other interested persons would be adequately protected and that additional procedural or formal requirements beyond the actual execution of the individual chattel mortgages would encumber legitimate business transactions and give rise to legal controversies without corresponding public or private gain. It is our opinion that, properly construed,R.S. 46:28-5.1 compels the conclusion that, subject to its terms and the proper execution and recording of the required statement, chattel mortgages executed pursuant thereto are valid notwithstanding the omission of affidavits of consideration.
The judgment below is reversed. *Page 182