LEO BRUCK, STATUTORY RECEIVER OF MARLOWE MOTORS, INC., A CORPORATION, PLAINTIFF-APPELLANT, v. THE CREDIT CORPORATION, A CORPORATION, DEFENDANT-RESPONDENT.

Argued December 5, 1949—Decided January 9, 1950.

402

404

*Mr. Abe W. Wasserman* argued the cause for the appellant (*Mr. Harry G. Cohen,* attorney).

*Mr. Charles Blume* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment of the Superior Court, Appellate Division, reversing a judgment of the Superior Court, Chancery Division. Certification was granted on the petition of the plaintiff.

The litigation stems from certain chattel mortgage transactions between Marlowe Motors, Inc., which was engaged as a dealer in new and used automobiles, and the defendant, an automobile finance company. At the time of the mortgage transactions, each of said corporations had its principal place of business in Essex County, New Jersey.

In March, 1947, Marlowe Motors, Inc., as mortgagor, and the defendant, as mortgagee, executed and recorded a statement that thereafter "the mortgagor may execute and the mortgagee may accept a series of chattel mortgage transactions arising out of the business of the mortgagor," in accordance with *R. S.* 46:28-5.1. During the months of March through September, 1947, numerous loans were made by the defendant to Marlowe Motors, Inc., and chattel mortgages were executed as security therefor.

On February 11, 1948, the plaintiff having been appointed as statutory receiver of Marlowe Motors, Inc., in a proceeding instituted in the former Court of Chancery on October 14, 1947, filed a complaint in which he attacked the validity of four chattel mortgages executed, pursuant to the foregoing recorded statement, during the months of August and September, 1947. The four chattel mortgages under attack had not been recorded but *each* was accompanied by an affidavit stating that the consideration therefor was a loan in the specified amount evidenced by a promissory note. The Chancery Division, 2 *N. J. Super.* 196, decided that while *R. S.* 46:28-5.1 set up a procedure making it no longer necessary to record chattel mortgages of the type therein delineated, it did not obviate the necessity of affidavits of consideration as required by *R. S.* 46:28-5 and, upon a determination that the affidavits executed by the defendant were legally insufficient, decided that the four chattel mortgages were void.

On appeal, the Appellate Division, 3 *N. J. Super.* 177, reversed the judgment of the Chancery Division. The Appellate Division, while indicating that it did not approve the decision of the Chancery Division that the affidavits were insufficient, based its decision upon the ground that *R. S.* 46:28–5.1 not only dispenses with the necessity of recording chattel mortgages of the type therein described but also eliminates the necessity of affidavits of consideration in connection with such chattel mortgages.

█ The present appeal is by the plaintiff from the latter judgment. The defendant urges *in limine* that the plaintiff, as a statutory receiver, has no authority to maintain this appeal without direction or leave of court for that purpose and cites *Mortgage Security Corporation of New Jersey v. Townsend,* 108 *N. J. Eq.* 268 (*E. & A.* 1931), in support of that contention. It is sufficient to say, in disposing of this question of adjective law adversely to the defendant, that the cited case is inapplicable because it involved an initial appeal by the receiver. The initial appeal in the instant case was filed by the defendant to the Appellate Division. We know of no rule which prevents the receiver, under such circumstances, from appealing from the judgment of the latter court. Moreover, certification was granted by this court permitting the present appeal.

The substantive question requires a construction of *R. S.* 46:28–5.1 and a determination as to whether the statute dispenses with the necessity of affidavits of consideration in conjunction with chattel mortgages executed pursuant thereto. If such determination is in the negative, a further question relating to the adequacy of the affidavits of consideration executed in conjunction with the four chattel mortgages constituting the subject matter of this litigation must be resolved.

*R. S.* 46:28–5.1 (source material *L.* 1936, *c.* 257) is a supplement to *R. S.* 46:28–5 (source material *L.* 1902, *c.* 153, as amended *L.* 1928, *c.* 61) and provides as follows:

"Whenever the mortgage or instrument mentioned in section 46:28–5 of this title is of goods, merchandise or other chattels acquired or held by a mortgagor engaged in the business of manufacturing,

processing, storing, shipping or selling of such goods, merchandise or other chattels, it shall not be necessary that the said instruments be recorded as provided for in this article, if prior to the execution and delivery of any such mortgage, or series of mortgages, the proposed mortgagor and mortgagee shall execute under seal and acknowledge a statement which shall set forth the location of the chief place of business of each of the parties, the fact that the mortgagor may execute and the mortgagee may accept a series of chattel mortgage transactions arising out of the business of the mortgagor, and a general description of the type of chattels to be made the subject of such mortgages, which said statement shall be recorded and indexed among chattel mortgages in the same manner as chattel mortgages are required to be recorded and indexed. No affidavit or affirmation need be annexed to such statement, as otherwise required in this article.

"The holder of any mortgage which may be executed as one of a series of such mortgage transactions shall, within five days of demand in writing made by any person, served upon such holder personally, or by registered mail sent to his chief place of business, as shown by the record, disclose in writing to the person making such demand whether any chattel described in such demand is subject to the lien of any such mortgage. Such disclosure may be made personally to the person demanding the same, or be sent by registered mail to his post-office address as shown in the demand. The demand must contain the date of the statement, the names of the parties thereto, and a description of each chattel concerning which inquiry is made, described in such manner that said chattel may be readily identified, and the post-office address of the person making such demand. Failure to reply to such demand as herein required shall result, in the case of an innocent holder for value, in the forfeiture of any lien under the mortgage which is held at that time by the person upon whom the demand is made. In case such mortgagee has no interest in any such mortgage at the time the demand is made upon him, he must disclose in the manner aforesaid to the person demanding, the name and address of the person who has succeeded to his interest; and a failure to make such disclosure within five days shall in the case of an innocent holder for value, result in the forfeiture of any lien under the mortgage.

"All and every mortgage made, executed and delivered within the period of five years subsequent to the date of the recording of any such statement, shall be valid to the same extent as would be the case if said mortgage had been duly recorded in the manner provided for in this article."

*R. S.* 46:28–5, which is supplemented by the foregoing statute provides as follows:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of pos-

session of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by section 46:28-7 of this title."

An analysis of *R. S.* 46:28–5 clearly discloses that two conditions are imposed as requisites to a chattel mortgage's validity as against creditors and subsequent purchasers and mortgagees in good faith, where the mortgage is not accompanied by immediate delivery and continued change of possession of the things mortgaged, namely, 1—that there be annexed to said mortgage an affidavit stating the consideration therefor, and 2—that the mortgage be recorded.

The problem of determining the extent to which existing legislation is repealed by subsequent statutes ultimately resolves itself into legislative intent. To reach the legislative intent, the rule of construction is well defined upon which subsequent legislation will operate to repeal prior legislation without an express repealing clause. Where there are two acts on the same subject, the rule is to give effect to both if possible. If the two acts are repugnant in any of their provisions, the later act operates to repeal the earlier to the extent of the repugnancy. The 1936 act (Chapter 257) is entitled as a supplement to the act of 1902 which was a general act relating to chattel mortgages, now found generally in the source material to Revised Statutes Title 46, Chapter 28. It calls for a section to be known as section 5a. The source material of *R. S.* 46:28–5 is indicated in the Revised Statutes to be the same act (*L.* 1902, *c.* 153, as amended by the laws of 1928, chapter 61). The 1936 act also contains the following paragraph (not included in the Revised Statutes):

"2. All acts and parts of acts inconsistent herewith are hereby repealed to the extent necessary to make the provisions hereof effective, and this act shall take effect immediately."

The supplementary act, *R. S.* 46:28–5.1, patently makes unnecessary the recording of the chattel mortgages of the

type included within its provisions provided the new procedure therein prescribed is complied with, and to such extent repeals so much of *R. S.* 46 :28–5 as requires that "Every mortgage * * * be recorded * * *."

We fail to find in *R. S.* 46 :28–5.1, however, any express statement removing the necessity of compliance with the other condition imposed by *R. S.* 46 :28–5, to wit, that there be annexed to said mortgage an affidavit stating the consideration therefor. *R. S.* 46 :28–5.1 provides for the execution of a "statement" setting forth certain detailed information as therein specified, including the fact that the mortgagor may execute a series of chattel mortgages, and provides that the "statement" be recorded. It then provides that "No affidavit or affirmation need be annexed to such statement, as otherwise required in this article." It is clear that no affidavit need be annexed to the "statement;" it is equally clear that the "statement" is not a substitute for the contemplated chattel mortgages, which must still be executed. It is readily understood why no affidavit need be annexed to the "statement" because the latter refers to the transactions which may take place in the future. To require that a statement that parties "may" engage in a series of chattel mortgage transactions be verified would serve little purpose in protecting the creditors of the mortgagor. The statute says that no affidavit need be annexed to the statement, "as otherwise required in this article." Since chattel mortgages, in addition to the "statement," must be executed, and since *R. S.* 46 :28–5 requires that an affidavit be annexed to the chattel mortgage, it seems inescapable that the words "as otherwise required" refer to the affidavit required to be annexed to the mortgage and that the latter quoted language was intended to confirm rather than to repeal the requirement that an affidavit be annexed to the mortgage.

It is helpful in seeking to ascertain the legislature's intent in passing the supplemental act (*R. S.* 46 :28–5.1) to explore the legislative intent in passing the supplemented statute (*R. S.* 46 :28–5). Our courts have decided that the original legislative purpose of requiring that an affidavit of

consideration be annexed to a chattel mortgage was to prevent fraud. *Ehler v. Turner*, 35 *N. J. Eq.* 68 (*Ch.* 1882) ; *Graham Bullon Co. v. Spielmann,* 50 *N. J. Eq.* 120 (*Ch.* 1892) ; affirmed, *sub nom. Spielmann v. Knowles,* 50 *N. J. Eq.* 796 (*E. & A.* 1893) ; *Bateman Bros. v. Jones,* 109 *N. J. Eq..* 8 (*Ch.* 1931). We conceive that it is equally desirable to prevent fraud in the execution of chattel mortgages by "a mortgagor engaged in the business of manufacturing, processing, storing, shipping or selling of such goods, merchandise or other chattels" as in the execution of chattel mortgages by mortgagors not so engaged. The recording of the statement, provided for in *R. S.* 46 :28–5.1, furnishes notice to creditors that chattel mortgages are likely, and the statute requires the mortgagee to disclose, upon inquiry by a creditor, whether a particular chattel is subject to the lien of any mortgage held by him. Thus, the statute provides for adequate notice of the existence of a mortgage. But suppose the creditor wishes to attack the validity of the mortgage and questions the *bona fides* of the mortgage transaction ? In such a case the creditor would be entitled to a full disclosure of the details of the transaction and a verified statement of the consideration would be a circumstance of importance. The requirement of an affidavit of consideration deters the creation of fraudulent liens and serves as a means of detection where such liens are created. Since the original legislative purpose of requiring an affidavit of consideration was to prevent fraud, we conceive that if the legislature intended to dispense with the necessity of such affidavit it would have so stated in unequivocal language. Our conclusion is that in the absence of any expressed contrary legislative intent or repugnancy, the legislature intended that such a wholesome purpose should be preserved and still make the obvious intent of the 1936 Act relieving recording in the prescribed classification effective. Judge Leyden, in *O'Dea v. Universal Credit Co.,* 21 *N. J. Misc.* 93 (*Circuit Court* 1943), had occasion to construe the same statute herein involved, *R. S.* 46 :28–5.1. He concluded that while the statute dispensed with the necessity of recording the chattel mortgages of the type delineated therein, it did not

obviate the affidavit of consideration as an indispensable requisite to a valid chattel mortgage. We arrive at the same conclusion in the present case.

It therefore becomes necessary to consider the adequacy of the affidavits of consideration annexed to the four mortgages involved herein. On August 27, 1947, the defendant made a loan of $3,500 evidenced by a promissory note of the same date in that sum executed by Marlowe Motors, Inc., and secured by a chattel mortgage on a Jaguar Sedan. The proceeds of this loan were not delivered in cash to Marlowe Motors, Inc., but, pursuant to the latter's direction, were credited towards payment of an earlier loan secured by a chattel mortgage on a Lincoln car. The earlier loan was satisfied with the proceeds of the present loan and the chattel mortgage on the Lincoln car was cancelled. Three additional transactions of the same type were consummated in September, 1947, in each of which cases a promissory note and a chattel mortgage were executed and the earlier chattel mortgage cancelled. In each case an affidavit was executed of even date with the mortgage and recited that the true consideration was a loan in the amount therein specified, which was also the same sum specified in the mortgage and a promissory note, also of even date. The affidavit further stated that the amount specified therein was the amount due and to become due thereon with interest at 6% per annum from the date thereof. The affidavits were executed before a notary public.

The plaintiff contends that the affidavits were legally insufficient because they stated that the true consideration of each of the four chattel mortgages was a loan in a specified amount and that such statements were not true in fact because the proceeds of the amount advanced in each transaction were applied to various balances due the defendant from Marlowe Motors, Inc., arising out of earlier chattel mortgage transactions and were not paid directly to Marlowe Motors, Inc. We cannot agree with such a theory. The evidence in the case is clear and uncontradicted that the moneys evidenced by the promissory notes and recited in the mortgages and affidavits were actually credited to Marlowe Motors, Inc., and

that the latter received the benefit thereof on the dates the several mortgages, accompanying affidavits and notes were executed. There is no allegation or proof of fraud in any of the transactions. The plaintiff's argument is predicated on the hypothesis that since the proceeds of the loan were not physically paid directly to the mortgagor the affidavits did not state the true consideration. The assumption from the argument is that if the mortgagee in each instance, had given the full amount of the loan to the mortgagor and then immediately received a like amount from the latter to satisfy a previous mortgage indebtedness, the affidavits would be satisfactory.

We do not view the essence of the transactions as being altered by reason of the fact that the proceeds of the loan were not placed in the hands of the mortgagor and then handed back.

█ There is no requirement in the statute that a statement respecting the disposition made of the loan be set forth. *Breit v. Solferino,* 77 *N. J. L.* 436 (*Sup. Ct.* 1909); *Lessler v. Paterson National Bank,* 97 *N. J. Eq.* 396 (*Ch.* 1925); affirmed, 99 *N. J. Eq.* 428 (*E. & A.* 1926). It has been well established that in the absence of fraud the affidavit of consideration should be liberally construed. *American Soda Fountain Co. v. Stolzenbach,* 75 *N. J. L.* 721 (*E. & A.* 1907); *Howell v. Stone & Downey,* 75 *N. J. Eq.* 289 (*E. & A.* 1909); *Lippincott v. Shivers,* 86 *N. J. Eq.* 59 (*Ch.* 1916); affirmed, 86 *N. J. Eq.* 409 (*E. & A.* 1916). Nor will fraud be presumed. *Hersh v. Levinson Bros., Inc.,* 117 *N. J. Eq.* 131 (*E. & A.* 1934).

█ It has been held by our former Court of Errors and Appeals that where prior mortgages were surrendered and the amount due thereon, together with the new money advanced, constituted the consideration for the new mortgage on the same property, a failure to state such fact in the affidavit of consideration would not void the mortgage. *Lessler v. Paterson National Bank, supra,* and *McKesson-Roeber-Kuebler Co. v. Richter,* 112 *N. J. L.* 339 (*E. & A.* 1934). In our view of the situation it makes no difference whether the new en-

cumbrance is placed upon the same property or upon new security so long as the prior encumbrances were given for *bona fide* loans and are surrendered upon payment thereof out of the proceeds of the new loan. The new loan in such case is for a present valuable consideration and we fail to see how the rights of other creditors could be prejudiced thereby.

We conclude that the affidavits in the present case sufficiently set forth the consideration of the mortgage transactions and complied with the requirements of *R. S.* 46:28–5.

The judgment appealed from is affirmed for the reasons herein stated.

*For affirmance*—Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—5.

*For affirmance on the opinion below*—Chief Justice VANDERBILT, and Justice WACHENFELD—2.

*For reversal*—None.