66 N.J. Super. 9 (1961)
168 A.2d 259
MONMOUTH CONSOLIDATED WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ALEXANDER L. BARIS SYLVIA H. BARIS AND JERSEY CENTRAL POWER & LIGHT COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 17, 1961.
*10 Mr. Robert Young argued the matter for the plaintiff (Messrs. Potter and Fisher, attorneys).
Mr. Theodore D. Parsons argued the matter for defendants Baris (Messrs. Parsons, Canzona, Blair & Smith, attorneys).
MARIANO, J.S.C.
The Monmouth Consolidated Water Company (hereinafter called "the company") on December 1, 1960 filed a complaint reciting that it is a public utility corporation authorized and empowered to condemn land by virtue of R.S. 48:19-15. It seeks the appointment of commissioners to appraise the value and fix the compensation to be paid defendants for lands to be taken by the company in connection with the enlargement of its Swimming River water supply reservoir.
The company has obtained a permit, dated May 9, 1957 from the State Water Policy and Supply Council to divert water from Swimming River.
*11 Defendants move to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter by reason of the failure of the company to comply with R.S. 58:6-3.
Defendants concede that the company has been invested by sovereign legislative grant with the power of condemnation. See R.S. 48:19-15, which provides:
"Every company organized under this chapter desiring to take, use and occupy any lands or to take or divert any spring or stream of water for the purposes of its incorporation, may acquire by condemnation such lands, rights and privileges in the manner prescribed by chapter 1 of the title Eminent Domain (§ 20:1-1 et seq.). * * *"
Defendants are of the belief that the company's power to condemn is conditioned by R.S. 58:6-3 to the extent of requiring the approval for its exercise by the Water Policy and Supply Council. R.S. 58:6-3 provides as follows:
"Before the right of condemnation conferred by this chapter is exercised, the approval of the state water policy commission or other state agency succeeding to and exercising the jurisdiction and powers of such commission, shall be first secured thereto."
In 1931, there being some concern as to which water companies had rights of condemnation and which did not, the Legislature adopted L. 1931, c. 120, secs. 1 to 5, inclusive, now R.S. 58:6-1 to 5, inclusive.
An examination of R.S. 48:19-5, 6, 7 and 8 indicates that in 1919, 1925, 1933 and 1934 the Legislature established procedures whereby water companies not clearly under the Water Company Act, N.J.S.A. 48:19-1 et seq., could acquire the rights and powers conferred by that act, including the right of condemnation. See R.S. 48:19-15, supra. R.S. 58:6 is clearly another legislative effort to make the power of condemnation available to those water companies which for some reason or other do not clearly have that power. R.S. 58:6 makes power of condemnation available to individuals operating a public water supply, a type of *12 supply agency not covered by R.S. 48:19. The legislative purpose and intent of R.S. 58:6 is clear. Section 5 of R.S. 58:6 specifically indicates the absence of any intention to limit or condition the existing power of eminent domain. It reads as follows:
"Nothing contained in this chapter shall limit or in any way affect any power to condemn lands, water or water rights which any such municipal or other corporation or person may now have or hereafter acquire under any existing law of this state, and such power so to condemn may be exercised as though this chapter had not been passed."
This conclusion is fortified when an examination is made of legislation involving the right of water companies to take and use water. Every water company must secure a permit from the Council before it diverts any water, whether that diversion be a new or additional water supply. R.S. 58:1-17 prohibits water supply agencies from condemning land, water, or water rights until this permit has been obtained. In the instant case a permit, dated May 9, 1957, has been issued by the Council.
The foregoing interpretation of R.S. 58:6-1 to 5, inclusive, is in accord with the decision of the former Court of Errors and Appeals in Grobart v. Passaic Valley Water Commission, 135 N.J.L. 190, 193, 194 (1947):
"It [appellant Passaic Valley Water Commission] argues that R.S. 58:6-1 to 5 (Pamph. L. 1931, ch. 120) only applies where the respective municipal or other corporations do not otherwise have the right of condemnation and (2) where the consent of the state water policy commission is required or obtained and that such sections do not apply to it because it had the right to divert 75 million gallons of water daily and it already had the power to condemn under R.S. 40:62-149.
It further argues that it is specifically excepted from the application of the 1931 act by R.S. 58:6-5 which provides: `Nothing contained in this chapter shall limit or in any way affect any power to condemn lands, water or water rights which any such municipal or other corporation or person may now have or hereafter acquire under any existing law of this state, and such power so to condemn may be exercised as though this chapter had not been passed.'"
*13 Former Chancellor Oliphant, speaking for the former Court of Errors and Appeals, stated, at page 194:
"We could agree with such reasoning if it was established in this cause that the appellant had the right to divert 75 million gallons of water daily. But such right is not established in the record."
While the case was remanded to the Supreme Court to the end that proofs be taken to determine whether the appellant had the derivative right to divert 75 million instead of 22.6 million gallons of water daily, nevertheless there is a finding that the power to condemn is not limited or conditioned by chapter 6 of Title 58.
As noted above, the company is invested with the power of condemnation under R.S. 48:19-15, supra (see Hackensack Water Co. v. Ruta, 3 N.J. 139, 145 (1949)), and has obtained the necessary permit to divert. The rationale of Grobart v. Passaic Valley Water Commission, supra, is applicable, and R.S. 58:6 does not apply. This is true even though the Grobart case was remanded for determination as to whether the appellant had the derivative right to divert 75 million instead of 22.6 million gallons of water daily.
Further analysis of Grobart v. Passaic Valley Water Commission, supra, reveals that the respondents in the lower court (former Supreme Court) obtained a writ of certiorari, and one of the reasons urged for its issuance, (3), was that appellant failed to comply with R.S. 58:6-3, supra, in that it did not procure from the State Water Policy Commission the right and authority to acquire the easement and rights described in the petition, which authorization or consent was a condition precedent to the filing of the petition for condemnation. The lower court stayed the condemnation proceedings to the end that the appellant commission should apply for the approval as said approval was a condition precedent. Again Chancellor Oliphant, speaking for the former Court of Errors and Appeals, stated as follows:
*14 "We do not fully share this view of the [former] Supreme Court on the applicability of this statutory provision to such facts and rights as appear in this cause."
In addition to the above, it is a cardinal principle of construction of statutes that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both, if possible. The intention of the Legislature to repeal must be clear and manifest. It is not sufficient to establish that subsequent laws cover some or even all of the cases provided for by the prior act, for they may be merely affirmative or cumulative or auxiliary. Whirl-O-Ball, Inc. v. Asbury Park, 136 N.J.L. 316, at page 319 (E. & A. 1947); United States v. Borden, 308 U.S. 188, at page 198, 60 S.Ct. 182, 84 L.Ed. 181 (1939).
The power of the Legislature to pass cumulative legislation needs no citation of authority. Where there are two acts on the same subject the rule is to give effect to both, if possible, and only where they are repugnant will one cancel the other. Bruck v. Credit Corporation, 3 N.J. 401 (1950); State v. Shoopman, 11 N.J. 333 (1953).
Where the repealing effect of a statute is doubtful the statute is to be strictly construed to effect its consistent operation with previous legislation. See Sutherland, Statutory Construction (3d ed.), sec. 2014.
Reviewing the pertinent statutes involved, I find that N.J.S.A. 48:19-1 et seq., known as the Water Company Act, particularly section 15, confers the power to condemn; further, that R.S. 58:1 et seq., specifically section 17, requires a permit, which the company has obtained; and further, R.S. 58:6 is but another act on the same subject and it is possible to give effect to both as they are not repugnant to each other. A review of R.S. 58:6-1 et seq. does not manifest a clear intention to repeal prior legislation and, therefore, the same must be construed to effectuate its consistent operation with previous legislation.
*15 To the contrary, the clear intention of Legislature not to repeal any prior legislation concerning a water company's existing right of condemnation is manifested by a mere reading of R.S. 58:6-5, supra.
Since the company had the power to condemn under the so-called Water Company Act, N.J.S.A. 48:19-1 et seq., it can proceed as if R.S. 58:6 had not been adopted.
For the foregoing reasons the motion to dismiss the complaint is denied.